**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | Criminal Case No. 3:96-CR-071-L(06) |
| | § | Criminal Case No. 3:12-CR-119-L(01) |
| **BILLY JOE CALLIN,** | § | USCA Case No. 16-11126 |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the Court's January 13, 2017 order, this case was referred to the United States magistrate judge for findings and recommendation on whether the untimely notice of appeal was due to excusable neglect or good cause. Doc. 734. For the reasons that follow, the Court finds Defendant has shown excusable neglect for his late filing.

I.

On June 17, 2016, following the revocation of his supervised release, the Court sentenced Defendant to 24 months' imprisonment in Case No. 3:12-CR-00119-L(01) and 14 months' imprisonment in Case No. 3:96-CR-0071-L(06), to run concurrently. Doc. 724 (consolidated judgment). On July 19, 2016, defense counsel filed a notice of appeal. Subsequently, the United States Court of Appeals for the Fifth Circuit remanded the case for determination of whether excusable neglect or good cause entitles Defendant to an extension of time to appeal under FED. R. APP. P. 4(b)(4). Doc. 732.

Defendant, through appellate counsel, has now responded to this Court's order granting him an opportunity to show excusable neglect or good cause for the untimely notice of appeal. Doc. 736. The government does not oppose the granting of an out-of-time appeal. Doc. 736 at 4.

Appellate counsel confirms the following course of events after speaking with Defendant and defense counsel, and reviewing the record: Although Defendant initially advised defense counsel that he did not want to appeal, he later changed his mind and tried to call counsel from the Dallas County Jail during the 14-day period for filing notice of appeal. Doc. 736 at 2. His phone calls, however, did not go through. *Id.* Defendant contacted his girlfriend, who subsequently left a voice mail for defense counsel on July 17, 2016, requesting that counsel pursue an appeal. *Id.* On July 19, 2016, counsel filed a notice of appeal. *Id.*

II.

A district court may extend the time for filing a notice of appeal by thirty days if the defendant can show excusable neglect or good cause for not meeting the deadline. *See* FED. R. APP. P. 4(b)(4). The United States Supreme Court's flexible interpretation of the excusable neglect standard controls the determination of excusable neglect under Rule 4(b). *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)).

In *Pioneer*, the Supreme Court considered several circumstances relevant to the excusable neglect determination, including the length of the delay and its potential impact on judicial proceedings, as well as the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith. 507 U.S. at 395-96. Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well. *Id.* However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* at 392.

In light of the short delay involved in this case, the absence of prejudice, and the reason given for the delay, the Court concludes that Defendant has demonstrated excusable neglect.

III.

For the foregoing reasons, it is recommended that Defendant's untimely notice of appeal was due to excusable neglect or good cause and, therefore, that he should be **GRANTED** an extension of time to appeal under FED. R. APP. P. 4(b)(4).

**SIGNED** February 10, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE